**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **ORION IP, LLC** | |
| **v.** | **Civil Action No. 6:07-cv-00138-LED** |
| **XEROX CORPORATION, et al.** | **JURY TRIAL DEMANDED** |

**THIRD AMENDED COMPLAINT**

This is an action for patent infringement in which Orion IP, LLC makes the following allegations against Bloomingdale's, Inc.; Brookstone Company; Electrolux Home Products, Inc. d/b/a Electrolux Home Products North America; Fry's Electronics, Inc.; L.L. Bean, Inc.; Linens 'n Things, Inc.; Macy's, Inc. f/k/a Federated Department Stores, Inc.; Macys.com, Inc.; Overstock.com, Inc.; Recreational Equipment, Inc.; Toys "R" Us, Inc. and Westinghouse Digital Electronics, LLC, RadioShack Corporation (collectively the "Defendants").

PARTIES

1.      Plaintiff Orion IP, LLC ("Orion") is a Texas limited liability company with its principal place of business at 207 C North Washington Avenue, Marshall, Texas 75670.

2.      Defendant Bloomingdale's, Inc. ("Bloomingdale's") has appeared and answered in this action.  This Defendant is being served with a copy of this Third Amended Complaint via its counsel of record.

3.      Defendant Brookstone Company ("Brookstone") has appeared and answered in this action.  This Defendant is being served with a copy of this Third Amended Complaint via its counsel of record.

4.      Defendant Electrolux Home Products, Inc. d/b/a Electrolux Home Products North America ("Electrolux") has appeared and answered in this action.  This Defendant is being

served with a copy of this Third Amended Complaint via its counsel of record.

5.      Defendant Fry's Electronics, Inc. ("Fry's") has appeared and answered in this action. This Defendant is being served with a copy of this Third Amended Complaint via its counsel of record.

6.      Defendant L.L. Bean, Inc. ("L.L. Bean") has appeared and answered in this action.  This Defendant is being served with a copy of this Third Amended Complaint via its counsel of record.

7.      Defendant Linens 'n Things, Inc. ("LNT") has appeared and answered in this action. This Defendant is being served with a copy of this Third Amended Complaint via its counsel of record.

8.      Defendant Macy's, Inc. f/k/a Federated Department Stores, Inc. ("Macy's") has appeared and answered in this action.  This Defendant is being served with a copy of this Third Amended Complaint via its counsel of record.

9.      Defendant Macys.com, Inc. ("Macys.com") has appeared and answered in this action. This Defendant is being served with a copy of this Third Amended Complaint via its counsel of record.

10.      Defendant Overstock.com, Inc. ("Overstock") has appeared and answered in this action. This Defendant is being served with a copy of this Third Amended Complaint via its counsel of record.

11.      Defendant RadioShack Corporation ("RadioShack") has appeared and answered in this action.  This Defendant is being served with a copy of this Third Amended Complaint via its counsel of record.

12.     Defendant Recreational Equipment, Inc. ("REI") has appeared and answered in this action.  This Defendant is being served with a copy of this Third Amended Complaint via its counsel of record.

13.     Defendant Toys "R" Us, Inc. ("Toys 'R' Us") has appeared and answered in this action.  This Defendant is being served with a copy of this Third Amended Complaint via its counsel of record.

14.     Defendant Westinghouse Digital Electronics, LLC ("Westinghouse Digital") has appeared and answered in this action.  This Defendant is being served with a copy of this Third Amended Complaint via its counsel of record.

### JURISDICTION AND VENUE

15.     This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

16.     Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each Defendant has a regular and established place of business in this district, has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

17.     On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

COUNT I

INFRINGEMENT OF U.S. PATENT NO. 5,615,342

18.     Orion is the owner by assignment of United States Patent No. 5,615,342 ("the '342 Patent") entitled "Electronic Proposal Preparation System." The '342 Patent issued on March 25, 1997.

19.     The '342 Patent is the subject of previous Markman rulings issued by the United States District Court for the Eastern District of Texas.

20.     Jerome D. Johnson is listed as the inventor on the '342 Patent.

21.     Defendant Bloomingdale's has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.bloomingdales.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of Orion. Defendant Bloomingdale's is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

22.     Defendant Brookstone has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.brookstone.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of Orion. Defendant Brookstone's is thus liable for infringement of the '342 Patent

pursuant to 35 U.S.C. § 271.

23.     Defendant Electrolux has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.electroluxusa.com and www.frigidaire.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of Orion. Defendant Electrolux is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

24.     Defendant Fry's has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.frys.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of Orion. Defendant Fry's is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

25.     Defendant L.L. Bean has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.llbean.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of

Orion. Defendant L.L. Bean is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

26.     Defendant LNT has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.lnt.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of Orion. Defendant LNT is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

27.     Defendant Macys has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.federated-fds.com, www.bloomingdales.com, and www.macys.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of Orion. Defendant Macys is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

28.     Defendant Macys.com has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.macys.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing

systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of Orion. Defendant Macys.com is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

29.     Defendant Overstock.com has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.overstock.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of Orion. Defendant Overstock.com is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

30.     Defendant RadioShack has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.westinghousedigital.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of Orion. Defendant RadioShack is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

31.     Defendant REI has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.rei.com and

www.rei.com/outlet), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of Orion. Defendant REI is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

32.     Defendant Toys "R" Us has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.toysrus.com, www.babiesrus.com,          www.imaginarium.com,          www.sportsrus.com,          and www.personalizedbyrus.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of Orion. Defendant Toys "R" Us is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

33.     Defendant Westinghouse has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.westinghousedigital.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of Orion. Defendant Westinghouse is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

34.     Defendants have actively induced and are actively inducing infringement of the '342 Patent and are liable for contributory infringement of the '342 Patent.

35.     On information and belief, to the extent any marking was required by 35 U.S.C. § 287, all predecessors in interest to the '342 Patent complied with such requirements.

36.     To the extent that facts learned in discovery show that Defendants' infringement of the '342 patent is or has been willful, Plaintiff reserves the right to request such a finding at time of trial.

37.     Unless a permanent injunction is issued enjoining these Defendants and their agents, servants, employees, attorneys, representatives, affiliates, and all others acting on their behalf from infringing the '342 Patent, Orion will be greatly and irreparably harmed.

COUNT II
INFRINGEMENT OF U.S. PATENT NO. 5,367,627

38.     Orion is the owner by assignment of United States Patent No. 5,367,627 ("the '627 Patent") entitled "Computer-Assisted Parts Sales Method." The '627 Patent issued on November 22, 1994.

39.     The '627 Patent is the subject of previous Markman rulings issued by the United States District Court for the Eastern District of Texas.

40.     Jerome D. Johnson is listed as the inventor on the '627 Patent.

41.     Orion is the owner by assignment of United States Patent No. 5,615,627 ("the '627 Patent") entitled "Electronic Proposal Preparation System." The '627 Patent issued on March 25, 1997.

42.     The '627 Patent is the subject of previous Markman rulings issued by the United States District Court for the Eastern District of Texas.

43.     Jerome D. Johnson is listed as the inventor on the '627 Patent.

44.     Defendant Bloomingdale's has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '627

Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.bloomingdales.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '627 Patent to the injury of Orion. Defendant Bloomingdale's is thus liable for infringement of the '627 Patent pursuant to 35 U.S.C. § 271.

45.     Defendant Brookstone has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '627 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.brookstone.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '627 Patent to the injury of Orion. Defendant Brookstone's is thus liable for infringement of the '627 Patent pursuant to 35 U.S.C. § 271.

46.     Defendant Electrolux has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '627 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.electroluxusa.com and www.frigidaire.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '627 Patent to the injury of Orion. Defendant Electrolux is thus liable for infringement of the '627 Patent pursuant to 35 U.S.C. § 271.

47.     Defendant Fry's has been and now is directly infringing, and indirectly infringing by way

of inducing infringement and/or contributing to the infringement of the '627 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.frys.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '627 Patent to the injury of Orion. Defendant Fry's is thus liable for infringement of the '627 Patent pursuant to 35 U.S.C. § 271.

48.     Defendant L.L. Bean has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '627 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.llbean.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '627 Patent to the injury of Orion. Defendant L.L. Bean is thus liable for infringement of the '627 Patent pursuant to 35 U.S.C. § 271.

49.     Defendant LNT has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '627 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.lnt.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '627 Patent to the injury of Orion. Defendant LNT is thus liable for infringement of the '627 Patent pursuant to 35 U.S.C. § 271.

50.     Defendant Macys has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '627 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.federated-fds.com, www.bloomingdales.com, and www.macys.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '627 Patent to the injury of Orion. Defendant Macys is thus liable for infringement of the '627 Patent pursuant to 35 U.S.C. § 271.

51.     Defendant Macys.com has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '627 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.macys.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '627 Patent to the injury of Orion. Defendant Macys.com is thus liable for infringement of the '627 Patent pursuant to 35 U.S.C. § 271.

52.     Defendant Overstock.com has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '627 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.overstock.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '627 Patent to the injury of Orion. Defendant Overstock.com is thus liable for infringement

of the '627 Patent pursuant to 35 U.S.C. § 271.

53.     Defendant RadioShack has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '627 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.westinghousedigital.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '627 Patent to the injury of Orion. Defendant RadioShack is thus liable for infringement of the '627 Patent pursuant to 35 U.S.C. § 271.

54.     Defendant REI has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '627 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.rei.com and www.rei.com/outlet), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '627 Patent to the injury of Orion. Defendant REI is thus liable for infringement of the '627 Patent pursuant to 35 U.S.C. § 271.

55.     Defendant Toys "R" Us has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '627 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.toysrus.com, www.babiesrus.com,           www.imaginarium.com,           www.sportsrus.com,           and www.personalizedbyrus.com), making and using supply chain methods, sales methods, sales

systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '627 Patent to the injury of Orion. Defendant Toys "R" Us is thus liable for infringement of the '627 Patent pursuant to 35 U.S.C. § 271.

56.     Defendant Westinghouse has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '627 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.westinghousedigital.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '627 Patent to the injury of Orion. Defendant Westinghouse is thus liable for infringement of the '627 Patent pursuant to 35 U.S.C. § 271.

57.     Defendants have actively induced and are actively inducing infringement of the '627 Patent and are liable for contributory infringement of the '627 Patent.

58.     On information and belief, to the extent any marking was required by 35 U.S.C. § 287, all predecessors in interest to the '627 Patent complied with such requirements.

59.     To the extent that facts learned in discovery show that Defendants' infringement of the '627 patent is or has been willful, Plaintiff reserves the right to request such a finding at time of trial.

60.     Unless a permanent injunction is issued enjoining these Defendants and their agents, servants, employees, attorneys, representatives, affiliates, and all others acting on their behalf from infringing the '627 Patent, Orion will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Orion respectfully requests that this Court enter:

1.      A judgment in favor of Orion that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '342 Patent, and that such infringement was willful;

2.      A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from infringement, inducing the infringement of, or contributing to the infringement of the '342 Patent;

3.      A judgment and order requiring Defendants to pay Orion its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '342 Patent as provided under 35 U.S.C. § 284;

4.      A judgment in favor of Orion that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '627 Patent, and that such infringement was willful;

5.      A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from infringement, inducing the infringement of, or contributing to the infringement of the '627 Patent;

6.      A judgment and order requiring Defendants to pay Orion its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '627 Patent as provided under 35 U.S.C. § 284;

7.      An award to Orion for enhanced damages as provided under 35 U.S.C. § 284;

8.      A judgment and order finding that this is an exceptional case within the meaning of 35

U.S.C. § 285 and awarding to Orion its reasonable attorneys' fees; and

9.      Any and all other relief to which Orion may show itself to be entitled.

DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of

any issues so triable by right.

Date: March 17, 2008                                Respectfully submitted,

                                                    **ORION IP, LLC**

                                                    By: /s/ John J. Edmonds
                                                    Danny L. Williams
                                                    LEAD ATTORNEY
                                                    Texas Bar No. 21518050
                                                    Terry D. Morgan
                                                    Texas Bar No. 14452430
                                                    J. Mike Amerson
                                                    Texas Bar No. 01150025
                                                    Williams, Morgan & Amerson, P.C.
                                                    10333 Richmond, Suite 1100
                                                    Houston, Texas 77042
                                                    Telephone:  (713) 934-4060
                                                    Facsimile:  (713) 934-7011
                                                    danny@wmalaw.com
                                                    tmorgan@wmalaw.com
                                                    mike@wmalaw.com

                                                    David M. Pridham
                                                    Rhode Island Bar No. 6625
                                                    207 C North Washington Avenue
                                                    Marshall, Texas 75670
                                                    Telephone:  (903) 938-7400
                                                    Facsimile:  (903) 938-7404
                                                    david@ipnav.com

John J. Edmonds
Texas Bar No. 00789758
THE EDMONDS LAW FIRM, PC
709 Sabine Street
Houston, Texas 77007
Telephone: (713) 858-3320
Facsimile: (832) 415-2535
johnedmonds@edmondslegal.com

Amy E. LaValle
Texas State Bar No. 24040529
THE LAVALLE LAW FIRM
3811 Turtle Creek Blvd., Ste. 1620
Dallas, Texas 75219
Telephone: (214) 732-7533
Facsimile: (214) 292-8831
E-mail: lavalle@lavallelawfirm.com

**ATTORNEYS FOR PLAINTIFF
ORION IP, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

Dated:  March 17, 2008                          /s/ John J. Edmonds
                                                John J. Edmonds